UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADAM BRAKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:13-cr-00160-GZS |
| | ) | 2:20-cv-00211-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 61.) Following a guilty plea, Petitioner was convicted of unlawful possession of a firearm; the Court sentenced Petitioner to 84 months in prison and revoked his supervised release. (Revocation Judgment, ECF No. 42; Judgment, 2:17-cr-00065-GZS-1 ECF No. 32.) The First Circuit affirmed. *United States v. Brake*, 904 F.3d 97 (1st Cir. 2018).

Petitioner claims that given the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his guilty plea was invalid because Petitioner was not properly informed that the Government would have to prove that Petitioner knew of his status that prohibited him from possessing firearms or ammunition. The Government requests dismissal. (Response, ECF No. 65.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2017, Petitioner was charged with possessing firearms after having been previously convicted of an offense punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  (Information, 2:17-cr-00065-GZS-1 ECF No. 3.)[1]  The information listed a 2011 conviction in the District of New Hampshire for possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1).  (*Id.*)  Petitioner pled guilty to the firearm charge.  (Plea Agreement, 2:17-cr-00065-GZS-1 ECF No. 7).  In September 2017, the Court sentenced Petitioner to eighty-four months imprisonment.  (Judgment, 2:17-cr-00065-GZS-1 ECF No. 32.)  Because Petitioner was on supervised release following the 2011 New Hampshire conviction, the Court also revoked Petitioner's supervised release and sentenced him to a concurrent twenty-four-month term of imprisonment for the violation.  (Revocation Judgment, ECF No. 42.)

Petitioner appealed from the sentence, and in September 2018, the First Circuit affirmed.  *United States v. Brake*, 904 F.3d 97 (1st Cir. 2018).  In June 2019, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  In June

---

[1] Petitioner waived his right to an indictment.  (Waiver of Indictment, 2:17-cr-00065-GZS-1 ECF No. 2.)

2020, Petitioner filed the § 2255 motion based on the holding in *Rehaif*. The Government agrees Petitioner timely filed the motion.

## DISCUSSION

### A.   Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes

a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

4

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

B.    *Rehaif* Claim

Under the statutory provision underlying Petitioner's conviction, 18 U.S.C. § 922(g), it is unlawful for certain persons, including individuals with prior felony convictions, *id.* § 922(g)(1), to possess a firearm or ammunition.  The provision contains three elements: (1) a status element (belonging to one of the listed categories of persons), (2) a possession element, and (3) a jurisdictional element (in or affecting commerce). *Rehaif*, 139 S. Ct. at 2196.  Before 2019, courts interpreted "knowingly" in the penalty provision (§ 924(a)(2)) to apply only to the possession element, but under *Rehaif*, "knowingly" also applies to the status element. *Id.* "To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

Petitioner argues that under *Rehaif*, his guilty plea was not voluntary because he was not aware at the time of the plea that the Government not only had to prove that he possessed a firearm or ammunition but also that Petitioner knew he was a felon at the time of the possession.  A guilty plea is constitutionally valid only if it is voluntarily and intelligently entered. *Brady v. United States*, 397 U.S. 742, 748 (1970).  Because a guilty plea is not intelligently made when the defendant did not receive "real notice of the true nature of the charges," if Petitioner could demonstrate that he, counsel, and the Court misunderstood the essential elements of a crime, his plea would likely be susceptible to a constitutional challenge. *See Bousley v. United States*, 523 U.S. 614, 618 (1998).

A central issue is the retroactive application of *Rehaif*.  In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have

6

become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). "Teague and its progeny recognize two categories of decisions that fall outside this general bar on retroactivity for procedural rules." *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). "First, new substantive rules generally apply retroactively. Second, new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect." *Id.* (citations, quotations, and modifications omitted).

The exception for new watershed rules of procedure is "extremely narrow," and the sole example has been the right to counsel recognized in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Whorton v. Bockting*, 549 U.S. 406, 417–19 (2007). The exception for substantive rules "includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (citations omitted). Because *Rehaif* more narrowly interpreted the scope of a federal criminal statute, it is not subject to the *Teague* rule against retroactivity.

Even though *Rehaif* "is not *Teague*-barred" and therefore can potentially apply on postconviction review, "there are nonetheless significant . . . hurdles" that a petitioner might have to overcome. *Bousley*, 523 U.S. at 621. In general, a claim that was not raised on appeal is procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *Frady*, 456 U.S. at 167–68; *Bousley*, 523 U.S. at 621–22). "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a

violation of federal law," *Martinez v. Ryan*, 566 U.S. 1, 10 (2012), or by showing that a miscarriage of justice would occur because, "in light of new evidence, it is more likely than not" that the petitioner is actually innocent of the crime. *House v. Bell*, 547 U.S. 518, 536–39 (2006) (quotation omitted).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded" the ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This can occur if government interference made compliance impractical, *see id.*, or if there was constitutionally ineffective assistance of counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Furthermore, if a claim "is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for [the] failure to raise the claim . . . ." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A petitioner cannot establish that a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time," *see Bousley*, 523 U.S. at 622–23, but a claim is deemed unavailable when it results from a "clear break with the past" in a new Supreme Court case:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

*Ross*, 468 U.S. at 17 (citations, quotations, and modifications omitted). While it "present[s] a more difficult question" when a claim implicates the third category, "[b]y definition, when a case falling into one of the first two categories is given retroactive application, there

8

will almost certainly have been no reasonable basis upon which an attorney previously could have urged a . . . court to adopt the position that this Court has ultimately adopted." *Id.*

Because the Supreme Court "overturn[ed] the long-established interpretation" of § 922(g), which was "used in thousands of cases for more than 30 years," and on which the circuit courts were unanimous, *see Rehaif*, 139 S. Ct. at 2201 (Alito, J. dissenting), Petitioner's procedural default falls within the second *Ross* category.[2]  For that reason, the

---

[2] Some courts have questioned the continued vitality of the second *Ross* category after the *Bousley* Court rejected the argument that futility can constitute cause for a procedural default, while noting that the issue in the case was not novel because it was raised (and rejected) in many other cases.  *See e.g.*, *Simpson v. Matesanz*, 175 F.3d 200, 212 (1st Cir. 1999); *United States v. Moss*, 252 F.3d 993, 1002 (8th Cir. 2001); *Richardson v. Lemke*, 745 F.3d 258, 274 (7th Cir. 2014).  The First Circuit also noted that strict rejection of futility as cause for a procedural default could "encourage[ ] litigants to raise over and over issues seemingly already settled in the circuit."  *Brache v. United States*, 165 F.3d 99, 103 (1st Cir. 1999).  The Government, citing *Bousley*, argues that the claim was available because defendants in other cases raised the issue.  More recently, the First Circuit reaffirmed that the *Ross* standard governed a court's assessment whether a claim was unavailable.  *See Lassend v. United States*, 898 F.3d 115, 122 (1st Cir. 2018).  At least one other circuit court has interpreted *Bousley*'s rejection of futility arguments somewhat narrowly.  *See Gutierrez v. Smith*, 702 F.3d 103, 111–12 (2d Cir. 2012) ("futility may constitute cause where prior state case law has consistently rejected a particular constitutional claim.  Futility, however, cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time") (citing *Bousley*) (citation and quotation marks omitted).

Given that *Rehaif*'s falls within the second *Ross* category, the Government's "availability" arguments and the cases accepting similar arguments are unpersuasive.  *See e.g.*, *United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (citing cases in previous decades for conclusion that the knowledge-of-status argument was actually litigated and thus available, but not addressing second *Ross* category or the unanimity of contrary circuit authority).  In other words, even if some defendants raised the issue before *Rehaif*, that alone does not prove the knowledge-of-status argument was reasonably available in the face of widespread and longstanding contrary authority at the time of Petitioner's guilty plea.  Although the Court in *Bousley* cited as evidence for an argument's availability the fact that other defendants had raised the argument, *Bousley*'s reasoning is distinguishable because in that case the lower authority was more contemporaneous and involved a circuit split, not broad and longstanding authority supporting the same principle.  *See United States v. Lowe*, No. 214CR00004JADVCF, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) ("[Petitioner] can demonstrate cause because the legal basis for his challenge was not reasonably available in light of the broad consensus among the circuit courts before *Rehaif*").  Furthermore, the Court in *Bousley* cited *Ross* without any suggestion that its reasoning was inconsistent with or was intended to overrule the second exemplar category of unavailable claims set forth in *Ross*.

knowledge-of-status issue was not reasonably available to Petitioner's attorney before the district court or on appeal.  Cause thus exists to excuse that procedural default.

To establish prejudice from the asserted violation of federal law, a petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different."  *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citing *Strickland*) (internal quotation omitted).  A petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 U.S. at 170.  In the context of a guilty plea, to establish prejudice, the petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lee*, 137 S. Ct. at 1964.[3]

Petitioner does not allege that he lacked knowledge of his felon status or that the Government would have had difficulty convincing a jury that he knew of that status at the time he possessed the firearms.  Instead, Petitioner argues that the misunderstood elements under *Rehaif* constituted a "structural error" that obviates the need for him to establish prejudice in order to obtain postconviction relief.  Petitioner's argument warrants a discussion of the standard of review employed by the appellate and district courts on postconviction review.

---

[3] *Lee* and *Hill* referred to prejudice in the context of an ineffective assistance of counsel claim, not in the context of a procedural default, but there does not appear to be a meaningful difference between the two postconviction prejudice inquiries.  *See Lynch v. Ficco*, 438 F.3d 35, 49 (1st Cir. 2006) ("if a habeas petitioner can meet the prejudice standard needed to establish ineffective assistance under *Strickland*, then the prejudice standard under the 'cause and prejudice' showing to excuse a procedural default is also met").

On direct appeal, a constitutional error may be considered harmless and thus does not require reversal if the appellate court is assured "beyond a reasonable doubt" that the error did not contribute to the verdict; a nonconstitutional error may be deemed harmless if there is a "fair assurance . . . that the judgment was not substantially swayed by the error." *United States v. Melvin*, 730 F.3d 29, 39 (1st Cir. 2013) (quoting *Chapman v. California*, 386 U.S. 18, 23–24 (1967); *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).  The Supreme Court has recognized, however, that some "structural errors" should never be deemed harmless on direct appeal because the error might result in harm unrelated to the outcome of the trial, because the effects on the outcome of the trial are too hard to measure, or because the error always results in fundamental unfairness.  *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907–08 (2017).

When there is no objection at trial, a defendant must satisfy on direct appeal the more stringent "plain error" standard of review, which requires: (1) an error (2) that is clear or obvious, (3) affecting the defendant's substantial rights, and (4) seriously affecting the fairness, integrity or public reputation of judicial proceedings.  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–1905 (2018) (citing *United States v. Olano,* 507 U.S. 725 (1993)).

Petitioner cites *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), in support of his argument that he is not required to establish prejudice to obtain postconviction relief. In *Gary*, the Fourth Circuit held that *Rehaif* errors are structural and satisfy the elements of the plain error standard on direct appeal.  *Id.* at 200–08.  *Gary* is not determinative here, however, because Petitioner's argument conflates the harmless error and plain error

standards on direct appeal with the prejudice inquiry on postconviction review.  Although courts sometimes use the term "prejudice" to the defendant in both contexts, the two inquiries are not identical.  *See Weaver*, 137 S. Ct. at 1911 ("the concept of prejudice is defined in different ways depending on the context in which it appears")  For that reason, the Supreme Court has noted that "a violation of the right to a public trial is a structural error" while also holding that "when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, *Strickland* prejudice is not shown automatically." *Id.* at 1908–11.

Even if the appellate plain error inquiry was synonymous with the postconviction prejudice inquiry, the relevant First Circuit authority diverges from the Fourth Circuit.  *See United States v. Burghardt*, 939 F.3d 397, 403–05 (1st Cir. 2019) (applying plain error review to *Rehaif* error on direct appeal of a guilty plea and concluding that the error did not satisfy the third element—affecting the defendant's substantial rights—because the defendant could point to nothing in the record suggesting he would have insisted on going to trial had he been informed of the knowledge-of-status element); *United States v. Lara*, 970 F.3d 68, 87–88 (1st Cir. 2020) (declining to determine whether the structural nature of a *Rehaif* error at trial necessarily satisfies the third element of plain error review because even if it did, the *Rehaif* error did not satisfy the fourth element of plain error review— seriously affecting the fairness, integrity or public reputation of judicial proceedings— because there was overwhelming evidence that the knowledge-of-status element would have been satisfied); *Macarthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 7079134, at *12 (D. Me. Dec. 3, 2020) (given *Burghardt* and *Lara*, rejecting on

postconviction review a similar argument to Petitioner's argument).  Because *Gary* is only persuasive authority[4] while the First Circuit cases are binding authority, Petitioner's argument would fail even if plain error standard applied.

Given the evidence concerning Petitioner's prior conviction and his supervision by the probation office at the time of the firearms possession, there is no reasonable probability that proper statements of knowledge-of-status element under *Rehaif* would have significantly impacted Petitioner's decision to go to trial or plead guilty.  There is also no suggestion that Petitioner was prejudiced in any other way, including at sentencing. Accordingly, Petitioner was not prejudiced as a result of any *Rehaif*-related issue or error,[5] and thus Petitioner is not entitled to postconviction relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[4] This Court (Woodcock, J.) noted the "increasingly outlier status of *Gary*."  *Macarthur*, 2020 WL 7079134, at *16.

[5] For the same reason, Petitioner cannot prevail on a claim based on actual innocence. While a narrowed interpretation of a criminal statute can create a situation where a defendant was actually innocent of the crime as properly interpreted, *see Bousley*, 523 U.S. at 624 (remanding for consideration of innocence in light of narrowed interpretation of statute), the record forecloses any likelihood of innocence in Petitioner's case.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of February, 2021.