**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | )   2:13-cr-00160-GZS |
| | ) Docket no.  2:17-cr-00065-GZS |
| ADAM BRAKE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 70 in 2:13-cr-00160-GZS & ECF No. 53 in 2:17-cr-00065-GZS).  Having reviewed this Motion, along with all of the other related filings (ECF Nos. 74-76/57-59) and the entire docket, the Court DENIES Defendant's Motion.

**I.      LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence.  See 18 U.S.C. § 3582(c)(1)(A)(i).  In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate."  United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

This Court has frequently looked to U.S.S.G. § 1B1.13 & Application Note 1 in making a determination of whether a defendant presents extraordinary and compelling circumstances.

However, as the First Circuit has recently acknowledged, "the overwhelming majority of the courts of appeals" have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). Saccoccia, 10 F.4th at 8 (collecting cases). While the First Circuit has not explicitly adopted this approach, it has assumed without deciding that "a court adjudicating a prisoner-initiated motion for compassionate release may go beyond the confines of the Sentencing Commission's current policy guidance . . . in determining whether a particular circumstance or set of circumstances constitutes an extraordinary and compelling reason to grant the motion." Id. Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a). See id. (explaining that "section 3553(a) factors may serve as an independent basis for a district court's decision to deny a compassionate-release motion"); see also, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the COVID-19 pandemic).

## II.   DISCUSSION

Defendant Adam Brake, now 34 years of age, has served more than 75 percent of his 84-month sentence. Brake is currently listed as Physical Care Level 1/Mental Health Care Level 1 by the Bureau of Prisons. He is serving his sentence at Terre Haute USP and has an estimated release date of July 25, 2022. Currently, the facility is reporting six confirmed active COVID-19 cases among inmates and staff. There have been two reported deaths of inmates due to COVID-19 at

this facility, and a total of 678 inmates and 23 staff are listed as recovered. Additionally, at Terre Haute FCC, 332 staff members and 1865 inmates have been fully vaccinated to date.[1]

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country and has been especially challenging for the Bureau of Prisons. However, it is against this backdrop that a defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. In his Motion and attached exhibits, Brake cited his BMI, issues with edema in his legs, as well as mental health issues related to his stress level and the conditions of his confinement. He also noted his mother's health and wanting to have more contact with his children.

Brake has filed multiple responses to the Court's July 29, 2021 Order to Show Cause, these responses assert multiple complaints about the conditions of his confinement and the effect these conditions are having on his mental health. He also expresses increasing concern about how his continuing incarceration is impacting his relationship with family members and his ability to secure any remaining inheritance from his father. Additionally, Brake has provided the Court with an admirable release plan containing both short and long term goals.

Even assuming all of Brake's current complaints could be verified, the Court does not find that the asserted combination of health conditions and family circumstances qualify as "extraordinary and compelling reasons" that presently warrant a reduction in his sentence, as required by 18 U.S.C. § 3582(c)(1)(A)(i). The Court notes that Brake's more recent filings suggest that his complaints relate to a unique combination of conditions at his present facility. However, these complaints are not properly reviewed by this Court in the context of the pending motion.[2]

---

[1] See https://www.bop.gov/coronavirus/ (last visited 10/4/2021).

[2] Two apparent problems foreclose this Court from reviewing Brake's complaint about the conditions of his confinement: lack of jurisdiction and failure to exhaust. See, e.g., Parker v. Hazelwood, No. 17-CV-484-LM, 2019

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a). Here, these factors similarly weigh in favor of Brake continuing to serve the previously imposed sentence. Brake was found to be criminal history category VI at his most recent sentencing. As noted in the Probation filing related to his motion, he has had four incident reports during his current incarceration and also failed to successfully complete the RDAP program. While Brake has submitted a release plan as part of his pro se submissions to the Court, it does not appear that Probation or BOP have had an opportunity to assess the viability of this plan. On the record presented, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Brake's sentence to allow for his immediate release.

Based on the Court's inability to find extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, the pending Motion for Compassionate Release (ECF Nos. 70/53) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 5th day of October, 2021.

---

WL 4261832, at *2 (D.N.H. Sept. 9, 2019) (explaining the "two jurisdictional limitations on a district court's authority to grant writs of habeas corpus: the 'immediate-custodian rule' and the 'territorial-jurisdiction rule.'"); see also 42 U.S.C. § 1997e(a) (the exhaustion provision of the Prison Litigation Reform Act ("PLRA")); Ross v. Blake, 578 U.S. 632 (2016) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.")